# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2808
_____

United States of America,

*Plaintiff - Appellee*,

v.

Jae Michael Bernard,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: October 23, 2024
Filed: May 9, 2025
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

COLLOTON, Chief Judge.

Jae Michael Bernard appeals his conviction for unlawful possession of a firearm by a person convicted of a misdemeanor crime of domestic violence. *See* 18 U.S.C. § 922(g)(9). Bernard moved to dismiss the indictment on the ground that

§ 922(g)(9) is unconstitutional on its face under the Second Amendment. The district court[*] denied the motion, and we affirm.

The prosecution in this case was premised on a previous conviction for a misdemeanor crime of domestic violence. In 2002, Bernard was convicted in Iowa state court of domestic abuse assault causing injury. Federal law prohibits a person who has been convicted of a "misdemeanor crime of domestic violence" from possessing a firearm. *Id.*

In September 2021, investigators executed a search warrant at Bernard's residence and seized six firearms, nearly fifty firearm magazines, and over four thousand rounds of ammunition. Bernard pleaded guilty in June 2022 to a violation of § 922(g)(9). Bernard later moved to withdraw his plea and to dismiss the indictment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Bernard argued that § 922(g)(9) is unconstitutional on its face because there is no historical tradition supporting a categorical, lifetime ban on the possession of firearms by persons convicted of a misdemeanor offense. The district court denied the motion, and Bernard entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss. The court sentenced him to thirty-seven months' imprisonment.

Bernard brought only a facial challenge to § 922(g)(9). A facial challenge "is the 'most difficult challenge to mount successfully,' because it requires a defendant to 'establish that no set of circumstances exists under which the [statute] would be valid.'" *United States v. Rahimi*, 602 U.S. 680, 693 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). To prevail, the government must show only that § 922(g)(9) is constitutional in at least some of its applications. *Id.* The government

---

[*]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

bears the burden to show that the challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 24. The challenged regulation must be "'relevantly similar' to laws that our tradition is understood to permit," *Rahimi*, 602 U.S. at 692 (quoting *Bruen*, 597 U.S. at 29), but the regulation need not "precisely match its historical precursors" or constitute an "historical twin." *Id.*

Section 922(g)(9) prohibits possession of a firearm by a person who has been convicted of a "misdemeanor crime of domestic violence." The offense of conviction must have "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon" against a person in an enumerated domestic relationship with the offender. *Id.* § 921(a)(33)(A)(ii). In other words, the crime "is one in which violence (actual or attempted) is an element of the offense." *United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010) (en banc); *see also United States v. White*, 593 F.3d 1199, 1206 (11th Cir. 2010) ("[A] person convicted under § 922(g)(9) must have first acted violently toward a family member or domestic partner, a predicate demonstrated by his conviction for a misdemeanor crime of violence.").

"The belief underpinning § 922(g)(9) is that people who have been convicted of violence once—toward a spouse, child, or domestic partner, no less—are likely to use violence again." *Skoien*, 614 F.3d at 642. Congress recognized that "[f]irearms and domestic strife are a potentially deadly combination." *United States v. Castleman*, 572 U.S. 157, 159 (2014) (quoting *United States v. Hayes*, 555 U.S. 415, 427 (2009)). Domestic abusers present an ongoing threat of physical violence, so "keeping the most lethal weapon out of their hands is vital to the safety of their relatives." *Skoien*, 614 F.3d at 643.

But "[e]xisting felon-in-possession laws . . . were not keeping firearms out of the hands of domestic abusers," *Hayes*, 555 U.S. at 426, because many perpetrators of domestic violence were convicted only of misdemeanors. *Castleman*, 572 U.S. at

160. Proponents of § 922(g)(9) sought to close this "dangerous loophole." *Hayes*, 555 U.S. at 426. By enacting the statute, Congress prohibited possession of firearms by persons "who present a credible threat to the physical safety of others," *Rahimi*, 602 U.S. at 700, including persons who pose "an unacceptable risk of dangerousness." *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024).

"Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 700. As the Sixth Circuit recently explained, while the statute at issue in *Rahimi* disarmed persons who presently pose a threat of physical violence, § 922(g)(9) disarms persons who posed a past threat of physical violence *and* pose a present threat of physical violence due to high rates of recidivism. *United States v. Gailes*, 118 F.4th 822, 829 (6th Cir. 2024). "[O]ur Nation has always taken measures to prevent violence by people with firearms who pose a clear threat to others," and "people who were previously convicted of a domestic-violence misdemeanor fall squarely within the category of people who pose a clear threat to the physical safety of others." *Id.* at 830. On its face, therefore, § 922(g)(9) is "consistent with the principles that underpin our regulatory tradition." *Rahimi*, 602 U.S. at 692.

Bernard contends that § 922(g)(9) departs from historical tradition because it is a permanent restriction on firearm possession. He observes that *Rahimi* relied on surety laws that provided for only temporary restrictions on possession. In *Rahimi*, however, the challenged statute involved only a temporary restriction, *see* 18 U.S.C. § 922(g)(8), so it was unnecessary for the Court to address the constitutionality of a permanent or indefinite ban. But the Court reiterated that the prohibition on possession of firearms by felons is presumptively constitutional, 602 U.S. at 699, and this court has held that the permanent prohibition of § 922(g)(1) is indeed constitutional. *Jackson*, 110 F.4th at 1129. Although § 922(g)(9) encompasses certain misdemeanants, the prohibition is limited to those whose offenses involved

an actual or attempted use a physical force, or a threatened use of a deadly weapon. *Id.* § 921(a)(33)(A)(ii). Given the historical tradition of regulating firearms possession by those who present a credible threat of safety to others, a permanent or indefinite prohibition on gun possession by convicted domestic abusers is not unconstitutional on its face.

In any event, not all applications of § 922(g)(9) are permanent. As the Sixth Circuit explained, "the purported permanent ban in § 922(g)(9) may not always be so, given that domestic-violence misdemeanants 'can (1) petition to set aside their conviction; (2) seek a pardon; (3) have their conviction expunged; or (4) have their civil rights fully restored.'" *Gailes*, 118 F.4th at 829 (quoting *Stimmel v. Sessions*, 879 F.3d 198, 207 (6th Cir. 2018)); *see* 18 U.S.C. § 921(a)(33)(B)(ii). "Some of the largest states make expungement available as of right to misdemeanants who have a clean record for a specified time." *Skoien*, 614 F.3d at 645. "This means that § 922(g)(9) in its normal application does not create a perpetual and unjustified disqualification for a person who no longer is apt to attack other members of the household." *Id.* Bernard suggested at oral argument that a five-year prohibition on possession would be constitutionally permissible. That acknowledgment effectively dooms his facial challenge: some offenders may not live beyond five years; others may have their rights restored within five years; still others may violate the prohibition within five years. Even on Bernard's view of the Second Amendment, at least some applications of the statute are constitutional.

The Supreme Court's most recent pronouncement in this area did "not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Rahimi*, 602 U.S. at 698. This court has held that felons are one such category of persons. Because Bernard raises only a facial challenge to § 922(g)(9), we need not resolve whether Congress's categorical ban on possession by persons convicted of misdemeanor domestic violence offenses is likewise constitutional. It

-5-

is sufficient here to conclude that the statute is constitutional in at least some of its applications and thus not unconstitutional on its face.

The judgment of the district court is affirmed.

_____